IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

ROGER EUGENE SAPP,

    Plaintiff,

v.                                                 CIVIL ACTION NO.: CV614-096

STANLEY WILLIAMS; TAMMY
WOODS; PAMELA HALL; JESSICE
WILLIAMS; and JESSE HOWELL,

    Defendants.

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Smith State Prison in Glennville, Georgia, filed an action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915. 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This provision of the PLRA "requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998).

AO 72A
(Rev. 8/82)

A review of Plaintiff's history of filings reveals that he has brought at least three civil actions or appeals which were dismissed and count as strikes under § 1915(g): (1) Sapp v. Sanders, CV604-83 (S.D. Ga. Dec. 2, 2004) (dismissed for failure to exhaust)[1]; (2) Sapp v. Sanders, No. 04-16474-E (11th Cir. Mar. 15, 2005) (appeal dismissed as frivolous); and (3) Sapp v. Fleming, CV605-118 (S.D. Ga. Dec. 22, 2005) (dismissed for failure to state a claim).

The Eleventh Circuit upheld the constitutionality of section 1915(g) in Rivera. In so doing, the Court concluded that section 1915(g) does not violate an inmate's rights to access to the courts, to due process of law, or to equal protection, or the doctrine of separation of powers. Rivera, 144 F.3d at 721-27. Because Plaintiff has filed three previously dismissed cases or appeals which qualify as strikes under section 1915(g), Plaintiff may not proceed *in forma pauperis* in this action unless he can demonstrate that he meets the "imminent danger of serious physical injury" exception to § 1915(g).

Plaintiff cannot claim that he should be excused from prepaying the filing fee because of the "imminent danger of serious physical injury" exception to § 1915(g). In order to come within the imminent danger exception, the inmate must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). As noted by the Court, "a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to the statute." Id.

---

[1] Dismissal of a prior suit for failure to exhaust administrative remedies counts as a strike under § 1915(g). Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998).

2

In this Complaint, Plaintiff contends that another inmate was jogging in the dormitory and crashed into Plaintiff in March 2014, which caused Plaintiff to spill the extremely hot cup of water he was holding. Plaintiff asserts that he suffered second degree burns as a result. Plaintiff contends that Defendants violated policy by allowing an inmate to jog inside.

At the time this Complaint was filed, Plaintiff had brought at least three cases or appeals which constitute strikes under § 1915(g). Plaintiff has not shown how he was in imminent danger of serious physical injury at the time he filed this Complaint on September 2, 2014. Plaintiff should not be considered to meet the exception to the three strikes rule. The undersigned's Order dated September 2, 2014, is **vacated**. Plaintiff's Motion to Proceed *In Forma Pauperis* is **DENIED**. The undersigned would ordinarily recommend that Plaintiff's claims should be dismissed, without prejudice, so as to permit re-filing of his Complaint after the payment of the full filing fee. However, in this case, the undersigned **RECOMMENDS** that Plaintiff's Complaint be **DISMISSED**, with prejudice, as a sanction for Plaintiff's dishonesty.

On the "Form to be Used by Prisoners in Filing a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983", a prisoner is asked whether he has "brought any lawsuits in federal court which deal with facts other than those involved in this action[.]" Plaintiff answered this question in the negative. (Doc. No. 1, p. 2). A prisoner is also asked whether he was permitted to proceed *in forma pauperis* in any of his federal lawsuits, and, if so, whether any lawsuit was dismissed on the basis that it was frivolous, malicious, or failed to state a claim. (Id. at p. 3). Plaintiff was allowed to proceed *in forma pauperis* in Cases Numbered CV604-83, (doc. no. 4), and in CV605-118 (doc. no.

AO 72A
(Rev. 8/82)

3). Both of these cases were dismissed for failure to state a claim or otherwise for a reason counting as a strike under § 1915(g). Plaintiff failed to disclose this information in the current lawsuit, as required, possibly in an attempt to circumvent section 1915(g)'s restrictions. Plaintiff's attempt fails.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 3rd day of November, 2014.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE